NO. 12-00-00276-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


RICKY LYNN BRITTAIN,
§
 APPEAL FROM THE 123RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SHELBY COUNTY, TEXAS

 

PER CURIAM


 The original opinion heretofore entered on July 11, 2001, is set aside and the same is hereby
withdrawn and the following original opinion is entered in lieu thereof, to wit:

 Appellant Ricky Lynn Brittain was convicted of aggravated sexual assault, for which he was given
ten years deferred adjudication probation. Five months later, the State filed a Motion to Adjudicate Guilt,
which the trial court granted, and Appellant was sentenced to fifty years in prison. In two issues, he
complains of ineffective assistance of counsel for failing to request an evidentiary hearing on his Motion
for New Trial, and asks this court to abate this appeal and remand the case for the trial court to develop
his ineffectiveness claim. We dismiss for lack of jurisdiction.


Background

 After adjudication of guilt, Appellant filed a Motion for New Trial, stating that there was newly
discovered evidence concerning the original offense of aggravated sexual assault. Attached to the motion
was the affidavit of the victim, a twelve-year-old girl, in which she recanted her original charge that her
uncle, Appellant, had sexually assaulted her. Appellant also filed a Petition for Reduction of Sentence. 
At the hearing on both motions, Appellant's attorney made no mention of the recantation, but instead
informed the court that she had several witnesses available to testify that the punishment was excessive. 
However, the prosecutor did state the following:


 Basically, the State would stand on the evidence that we presented before. And also, just for the record,
because of part of what was filed in this, I believe there was an affidavit of recantation by the victim.


 In an effort to clear those matters up, my office, along with notifying Ms. Hartman that it was going to happen,
we got Texas Ranger Tom Davis over and also the DA investigator, Harmie Smith. And they interviewed the
victim at length, and she said basically that the allegations were true and that the events really did happen. 

 

 And I have Mr. Smith here, who could testify that that's what she said if the Court would need that. But just
so that that part would be cleared up, because the State certainly wouldn't want anyone to think that
everybody hadn't tried to get to the truth of the matter.



No testimony was offered by either side, and the court took the motions under advisement. Both were
subsequently denied. This appeal followed, wherein Appellant complains of ineffective assistance of
counsel because his attorney failed to request an evidentiary hearing on the newly discovered evidence.


Failure to File Timely Appeal

 According to Manuel v. State, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999), "a defendant 

placed on deferred adjudication community supervision may raise issues relating to the original plea
proceeding . . . only in appeals taken when deferred adjudication community supervision is first imposed." 
See also Daniels v. State, 30 S.W.3d 407, 408 (Tex. Crim. App. 2000) (holding appellate court without
jurisdiction to consider lost record claim related to original proceeding following adjudication of guilt). 
In this case, Appellant did not appeal the order placing him on deferred adjudication. Instead, he waited
until after the trial court formally adjudicated guilt. Therefore, this court is precluded from now hearing
the merits of Appellant's complaint. However, in the interest of justice, we will discuss Appellant's
argument that his counsel was ineffective when she failed to request an evidentiary hearing on Appellant's
Motion for New Trial.


Ineffective Assistance of Counsel

 To show that his trial counsel was ineffective, Appellant must meet the two-pronged test articulated
in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). First, Appellant
must demonstrate that counsel's performance was deficient. Id. at 687. In order to satisfy this prong,
Appellant must demonstrate that counsel's performance fell below an objective standard of reasonableness,
as judged on the facts of a particular case and viewed at the time of counsel's conduct. Id. at 688-90. 
Second, Appellant must show that counsel's performance prejudiced his defense at trial. Id. at 692. "It
is not enough for the Appellant to show that the errors had some conceivable effect on the outcome of the
proceeding." Id. at 693. Rather, he must show there is a reasonable probability that the result of the
proceeding would have been different but for the errors made by counsel. Id. at 694. "A reasonable
probability is a probability sufficient to undermine confidence in the outcome." Id. "Any allegation of
ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness." McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). Further,
counsel is presumed to have rendered adequate assistance and made all significant decisions in the exercise
of reasonable professional judgment. Id. Failure to make the required showing of either deficient
performance or sufficient prejudice defeats the ineffectiveness claim. Id. 


Application of Law to Facts

 The Motion for New Trial which Appellant filed after adjudication of guilt was based upon the
original offense. He filed his Motion more than thirty days after he pleaded guilty and was given deferred
adjudication. Consequently, the Motion was not timely filed, and the trial court had no jurisdiction to rule
on it. Tex. R. Civ. Proc. 329b(a). Therefore, it would have been futile for Appellant's attorney to request
an evidentiary hearing on the Motion. Furthermore, Appellant's attorney was aware of the questionable
nature of the "newly discovered evidence," and could have reasonably believed that to pursue that remedy
would have jeopardized Appellant's chances of having the trial court reduce his sentence. Appellant has
failed to show a reasonable probability that his attorney's decision not to request a hearing undermined the
outcome of the proceeding. And there is no reason to believe that abating this appeal and returning the
case to the trial court to develop evidence on ineffective assistance of counsel will change this conclusion. 
 Based upon Appellant's failure to timely appeal the original proceeding, we dismiss this appeal for
lack of jurisdiction. 


Opinion delivered August 9, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.





(DO NOT PUBLISH)